IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>STEVEN M. ADAMS, and PATRICIA SALVADOR-MAGANA,<br><br>Defendants. | 4:17CR3085<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Defendant Patricia Salvador-Magana's Motion to Sever her trial from the trial of codefendant Steven Adams. ([Filing No. 29](#)). For the reasons set forth below, the motion is denied.

BACKGROUND

Defendants Salvador-Magana ("Salvador-Magana") and Steven Adams ("Adams") were jointly indicted on a charge of conspiracy to commit marriage fraud and the embezzlement of government funds, and on an additional charge of embezzling funds from the Department of Veterans Affairs. ([Filing No. 1](#)).

Salvador-Mangana argues the government intends to offer statements made by Adams that "would unavoidably implicate her and deny her Sixth Amendment rights to confront and cross examine any witness against her." ([Filing No. at 30 CM/ECF p. 1](#)). She asks for severance to remedy the "prejudicial joinder" of Defendants' trials. ([Id](#)).

ANALYSIS

There is a presumption that defendants "charged in a conspiracy or jointly indicted on similar evidence from the same related events" should be jointly tried. U.S. v. Lewis, 557 F.3d 601, 609 (8th Cir. 2009) (quoting United States v. Adkins, 842 F.2d 210, 211 (8th Cir.1988)). However, a judge may order severance if joinder at trial will prejudice a defendant. Id; see also Fed. R. Crim. P. 14.

The burden is on the defendant seeking severance to prove that any prejudice resulting from joinder would be "severe or compelling." United States v. Crumley, 528 F.3d 1053, 1063 (8th Cir. 2008) (citing United States v. Flores, 362 F.3d 1030, 1039 (8th Cir. 2004)). "Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that [the defendant] would have had in a severed trial." United States v. Mann, 685 F.3d 714, 718 (8th Cir. 2012) (internal quotation omitted).

Salvador-Magana argues that Adams made statements to law enforcement that "explicitly implicate[ ]" her in the charged crimes. (Filing No. 30 at CM/ECF p. 3). She further contends that introduction of those statements at a joint trial would violate her constitutional right to confrontation as discussed in Bruton v. United States, 391 U.S. 123 (1968), and that this constitutional violation supports a finding of sufficient prejudice to require severing the trials. (Filing No. 30 at CM/ECF p. 3).

Under Bruton and its progeny, a defendant's Sixth Amendment right to confrontation is violated by "admission of a non-testifying defendant's statement that incriminate[s] a co-defendant." United States v. Avila Vargas, 570 F.3d 1004, 1008 (8th Cir. 2009) (citing Bruton, 391 U.S. at 135-36). This is true even if the

jury is instructed to consider that statement only as to the codefendant who makes it. Bruton, 391 U.S. at 135. However, "Bruton does not apply at all when a codefendant's statements do not incriminate [another] defendant either on their face or when considered with other evidence." United States v. Ali, 799 F.3d 1008, 1025 (8th Cir. 2015) (quoting United States v. Melina, 101 F.3d 567, 570 (8th Cir.1996), overruled on other grounds by Jones v. United States, 529 U.S. 848 (2000)).

Since Salvador-Magana has not specifically identified which statements, or portions of statements, made by Adams are allegedly prejudicial, the court will rely of the government's representations (see (Filing No. 36) in ruling on the pending motion to sever. The government's brief states that in his statements to law enforcement, Adams has consistently claimed he is innocent. (Filing No. 36 at CM/ECF pp. 3-4). Adams told law enforcement several times that he loved Salvador-Magana at the time of their marriage, and he believed the marriage was valid. (Id). Adams states he may have been "duped" into marriage, and he speculates about Salvador-Magana's true motives—a statement of questionable admissibility. (Id). But Adams makes no statements regarding anything Salvador-Magana specifically did or said that supports the elements of the pending criminal charges.

As such, the court determines that Adams' June 22, 2017 discussion with law enforcement did not produce the kind of incriminating statements to which Bruton would apply. Moreover, "[t]he mere fact that one defendant tries to shift blame to another defendant does not mandate separate trials." United States v. Johnson, 944 F.2d 396, 403 (8th Cir. 1991); see also United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004) (stating that "[s]everance is not required merely

because evidence that is admissible only against some defendants may be damaging to others").

Based on the foregoing, the court finds that Salvador-Magana has failed show any basis for severance under Bruton, or that she will experience severe and compelling prejudice if Defendants' trials are not severed.

Accordingly,

IT IS ORDERED:

1) Defendant Salvador-Magana's Motion to Sever her trial from that of co-defendant, Adams, (Filing No. 29), is denied.

2) The jury trial of this case is set to commence before John M. Gerrard, United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on January 8, 2018 or as soon thereafter as the case may be called, for a duration of four (4) trial days. Jury selection will be held at the commencement of trial.

Dated this 5th day of December, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge